FILED
CLERK
10/5/2015 11:35 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

DAVID L. HALPERN, VALERIE J.
HALPERN and WELLS FARGO BANK, N.A.,

                Defendants.
----------------------------------------------------------X

**OPINION & ORDER**
**15-CV-0025 (SJF)(AKT)**

FEUERSTEIN, J.

I.    Introduction

On January 5, 2015, plaintiff United States of America ("the Government") commenced this action against defendants David L. Halpern ("David") and Valerie J. Halpern ("Valerie") (collectively, "defendants"), and defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] pursuant to 26 U.S.C. §§ 7401 and 7403, seeking, *inter alia*, (1) to reduce to judgment unpaid federal tax assessments made by the Internal Revenue Service ("IRS") against David; (2) to establish the validity of its liens under 26 U.S.C. § 6321; and (3) to set aside the fraudulent conveyance of certain real property known as 19 Marion Lane, East Hampton, New York 11937 ("the East Hampton Property") by David and enforce federal tax liens upon the East Hampton Property. Pending before the Court is defendants' motion to dismiss the Government's second cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a

---

[1] Valerie and Wells Fargo were named as defendants pursuant to 26 U.S.C. § 7403(b) on the basis that they "may claim an interest in the real property upon which [the Government] seeks to foreclose its liens." (Amended Complaint ["Am. Compl."], ¶¶ 4-5). Unlike Valerie, Wells Fargo has not appeared in this action or filed an answer to the complaint.

1

claim for relief. For the reasons set forth below, defendants' motion is denied.

II. Background

A. Factual Background[2]

By warranty deed dated January 27, 1978 ("the 1978 Deed"), defendants, as husband and wife, purchased the East Hampton Property. (Am. Compl., ¶19). The 1978 Deed was recorded in the Suffolk County Clerk's office on February 17, 1978 in Liber 8390, Page 380. (Id.)

The Government alleges that David "was responsible for collecting, truthfully accounting for, or paying over the employment tax liabilities of Freedman Die Cutters Inc. ['FDCI'] for the corporate tax periods ending September 30, 2000, December 31, 2000, June 30, 2001, September 30, 2001, December 31, 2001, March 31, 2002, June 30, 2002 and September 30, 2002 ("the Default Periods"). (Am. Compl., ¶ 8). By letter dated May 13, 2003, the IRS notified David "that it intended to assess him with Trust Fund Recovery Penalties for the unpaid employment taxes of [FDCI] that had accrued in 2000, 2001 and 2002." (Id., ¶ 13). By letter dated July 14, 2003, David protested the proposed assessments. (Id., ¶ 14).

On or about September 24, 2004, David's counsel met with IRS Appeals Officer Brenda Sarver to discuss David's appeal of the denial of his protest. (Am. Compl., ¶¶ 15, 21).

On October 16, 2004, by bargain and sale deed for ten dollars ($10.00) or less ("the 2004 Deed"), David conveyed record title of his interest in the East Hampton Property to Valerie. (Am. Compl., ¶ 20). The 2004 Deed was recorded in the Suffolk County Clerk's office on

---

[2] The factual allegations are taken from the complaint and are assumed to be true for purposes of this motion only. They do not constitute findings of fact by the Court.

October 27, 2004 in Liber D00012351, Page 631. (Id.)

By letter dated December 15, 2004, the IRS denied David's protest of the proposed assessments. (Am. Compl., ¶ 16).

On January 10, 2005, a delegate of the Secretary of the Treasury made assessments against David pursuant to 26 U.S.C. § 6672 in the total amount of one million one hundred twenty-five thousand ninety-two dollars and thirty-four cents ($1,125,092.34) "with respect to the trust fund portion of federal income and Federal Insurance Contributions Act ('FICA') taxes (collectively 'employment taxes') withheld from the wages of employees of [FDCI] * * *" for the Default Periods. (Am. Compl., ¶ 7).

B.  Procedural History

On January 5, 2015, the Government commenced this action against defendants and Wells Fargo. On February 4, 2015, the Government filed an amended complaint seeking, *inter alia*, (1) to reduce to judgment unpaid federal tax assessments made by the IRS against David in the total amount of one million one hundred twenty-five thousand ninety-two dollars and thirty-four cents ($1,125,092.34), "plus interest and statutory additions that continue to accrue after January 1, 2015" (first cause of action), (Am. Compl. at 7); and (2) judgment (a) declaring (i) that Valerie is the nominee of David with respect to a one-half interest in the East Hampton Property, that David is the true and equitable joint owner of the East Hampton Property, and that, "as such, any interest held by Valerie [] above her half interest in the East Hampton Property is subject to the valid federal tax liens of [plaintiff]," (id. at 8); and (ii) that the transfer of the East Hampton Property "was actually fraudulent within the meaning of New York Debtor and

Creditor Law §§ 270-281 or, in the alternative, was constructively fraudulent within the meaning of New York Debtor and Creditor Law § 273[,]" (id.), and (b) ordering the enforcement of the Government's tax liens upon the East Hampton Property, a sale of the East Hampton Property and that the proceeds of such sale be distributed, after the costs of the sale, to the Government "and to the other parties in accordance with the law" (second cause of action). (Id.)

With respect to its first claim against David to reduce to judgment the unpaid IRS tax assessments, the Government alleges, *inter alia*, (1) that David "willfully failed to collect, truthfully account for, or pay over the employment tax liabilities of [FDCI]" for the Default Periods, (Am. Compl., ¶ 9); (2) that "notices of the assessments and demands for payment of the liabilities" were sent to David on January 10, 2005, (id., ¶ 10); and (3) that "[d]espite such notice and demand, David [] has failed, neglected, or refused to pay in full the employment tax liabilities set forth [therein], and[] * * * remains liable to [plaintiff] for the unpaid balance of the employment taxes * * * in the total amount of $1,125,092.34, plus interest and other statutory addition that continue to accrue from January 1, 2015." (Id., ¶ 11).

With respect to its second claim against defendants to enforce the federal tax liens and set aside the fraudulent conveyance of the East Hampton Property, the Government alleges, *inter alia*, (1) that "[a]s a result of [David's] neglect, failure and refusal to pay the assessments * * *, federal tax liens in the amount of the assessments, plus statutory interest, arose pursuant to the provisions of 26 U.S.C. Sections 6321 and 6322, and attached, as of the dates of the assessments, to all property and rights to property of David [] then in existence or thereafter acquired[,]" (Am. Compl., ¶ 17); (2) that "[a] delegate of the Secretary of Treasury filed notices of federal tax liens (NFTL) in accordance with 26 U.S.C. § 6323(f) for the unpaid liabilities of David [] at the

4

Recorder of Deeds of Suffolk County" on May 6, 2005, (id., ¶ 18); (3) that the transfer of the East Hampton Property to Valerie was made "in anticipation of the assessment of the additional Trust Fund Recovery Penalties" by the IRS, (id., ¶ 21); (4) that David continues to exercise dominion and control over, to enjoy the benefits of ownership of, and to retain possession of, the East Hampton Property, (id., ¶¶ 22-24); (5) that a close relationship exists between defendants, (id., ¶ 25); (6) that "Valerie [] holds record title to a one-half interest in the East Hampton Property as the nominee of David [], and David [] remains the true and equitable joint owner of the East Hampton Property[,]" (id., ¶ 26); (7) that David's transfer of his interest in the East Hampton Property to Valerie (a) was voluntary and done "with the actual intent to hinder, delay, or defraud [his] creditors * * *, both present and future, including [the Government], and thus was fraudulent[,]" (id., ¶ 27), and (b) "was made without receiving a reasonably equivalent value in exchange for the transfer, at a time when [he] believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due to creditors, including [the Government] * * * and in anticipation of imminent future assessments of Trust Fund Recovery Penalties for unpaid employment taxes arising in 2000, 2001 and 2002 and thus [when] he was implicitly under the threat of litigation by virtue of his difficulties with the [IRS]," (id., ¶ 28); and (8) that the transfer by David (a) was done with respect to an insider, namely his wife, Valerie []," (id., ¶ 29); and (b) "was actually fraudulent within the meaning of New York Debtor and Creditor Law §§ 270-281, or, in the alternative, was constructively fraudulent within the meaning of New York Debtor and Creditor Law § 273 as the transfer rendered [him] insolvent." (Id., ¶ 30).

Defendants now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

to dismiss the Government's second cause of action as barred by the applicable statute of limitations.

III.   Discussion

   A.   Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences

6

in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014).

B.   Statute of Limitations

Although a statute of limitations "is an affirmative defense that a defendant must plead and prove[,]" Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)), a defendant may raise it in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "if the defense appears on the face of the complaint." Id.; see also Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 (2d Cir. 2014) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.")

Defendants are correct that under New York law, fraudulent conveyance claims must be commenced within six (6) years from the date of the alleged fraud, or "two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it[,]" N.Y. C.P.L.R. § 213(8), and that claims asserting constructive fraud brought pursuant to § 273 of the New York Debtor and Creditor Law are "governed by a six-year statute of limitations period which accrues at the time of the fraudulent conveyance." Analogic Corp. v. Manuelian, No. 12-cv-1428, 2014 WL 1330774, at *3 (E.D.N.Y. 2014); see also Felshman v. Yamali, 106 A.D.3d 948, 949-50, 966 N.Y.S.2d 145 (N.Y. App. Div. 2013) ("[A] cause of action based upon constructive fraud pursuant to Debtor and Creditor Law § 273 must be commenced within six years after the date that the fraud occurred, irrespective of the date of discovery."); Jaliman v. D.H. Blair & Co. Inc., 105 A.D.3d 646, 647, 964 N.Y.S.2d 112 (N.Y. App. Div. 2013) ("New York law provides that a claim for constructive fraud is governed by the six-year limitation set out in CPLR 213(1), and that such a

8

claim arises at the time the fraud or conveyance occurs[.]" (quotations and citation omitted)).

However, "[t]he New York State statute of limitations applicable to fraudulent conveyances does not apply to the United States[,]" U.S. v. Alfano, 34 F. Supp. 2d 827, 835 (E.D.N.Y. 1999); see also United States v. Carney, 796 F. Supp. 700, 703 (E.D.N.Y. 1992) (holding that the Government is not bound by the statute of limitations under New York Debtor and Creditor Law); United States v. Inc. Vill. of Island Park, 791 F. Supp. 354, 369 (E.D.N.Y. 1992), because it "acts in its sovereign capacity when it brings suit to set aside a fraudulent conveyance or to enforce a tax lien[,]" Alfano, 34 F. Supp. 2d at 835, and "is not bound by state statutes of limitation * * * in enforcing its rights." United States v. Summerlin, 310 U.S. 414, 416–17, 60 S. Ct. 1019, 1020, 84 L. Ed. 1283 (1940).

The Government "is, however, bound by the statute of limitations contained in 26 U.S.C. Section 6502(a)(1)[.]" Alfano, 34 F. Supp. 2d at 835-36; see also U.S. v. Bushlow, 832 F. Supp. 574, 581 (E.D.N.Y. 1993) (holding that the statute of limitations in 26 U.S.C. § 6502(a) applies to the government's fraudulent conveyance claims). That statute provides, in relevant part, that "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun– (1) within 10 years after the assessment of the tax[] * * *." 26 U.S.C. § 6502(a)(1). Since this action was commenced on January 5, 2015, less than ten (10) years from the date the IRS assessed David with unpaid federal taxes, i.e., January 10, 2005, the Government's fraudulent conveyance claims are timely under the applicable statute of limitations. Accordingly, defendants' motion to dismiss the Government's second cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9

Procedure is denied.

III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the Government's second cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

SO ORDERED.

                                              /s/
                                     Sandra J. Feuerstein
                                     United States District Judge

Dated: October 5, 2015
       Central Islip, New York